**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wade KEYES, Defendant–Appellant.**

**No. 01–30128.**

**D.C. No. CR–99–00137–RCT.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Wade Keyes appeals his sentence of 4 years probation imposed following his guilty plea conviction for conspiracy to the illegal taking of wildlife in violation of 16 U.S.C. § 3372(a)(2)(A) and § 3373(d)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Keyes' sole contention on appeal is that the district court abused its discretion in imposing a sentence disproportionate to that of his co-defendant. Keyes argues that the district court erred in sentencing him to four years probation and banning him from fishing because: (1) the similarity of circumstances between Keyes and his co-defendant makes his sentence an unjustified, disparate sentence; and (2) the district court may have utilized an incorrect Guideline range in sentencing Keyes.

We affirm because "a disparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines." *United States v. Taylor,* 991 F.2d 533, 536 (9th Cir.1993). The district court properly exercised its discretion under the Sentencing Guidelines in sentencing Keyes to a term of four years probation. *See id.* Further, while our review of the record does not indicate how the district court arrived at the range it utilized in sentencing Keyes, the sentence imposed was within the applicable Guideline range. *United States v. Mendoza,* 121 F.3d 510, 513–14 (9th Cir.1997) (stating that "[a] district court's error in application of the Guidelines is subject to harmless error analysis, and no remand is required if the error did not affect the district court's selection of the sentence imposed"); *see also* U.S. Sentencing Guidelines Manual § 5B1.2(a)(1) (2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.